HENRY N. MARKERT, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and THE NEW YORK ELEVATED RAILROAD COMPANY, Appellants.

*Easements taken by elevated railroads — measure of damages — erroneous refusals to consider benefits to business property.*

The owner of the fee of certain premises in the city of New York, used in part for business purposes, near two stations of the elevated railroads, brought an action to enjoin the alleged unlawful use by the railroad companies of his easements of light, air and access, and to recover for past damages resulting from such use. Upon the trial of the action the defendants requested the court to find that the special benefits accruing to the business portions of the premises from the railroad stations were greater than the disadvantages resulting from the operation of the railroads; that the fee value was greater than before; that said premises and property in the neighborhood had come into greater demand for business purposes, and that the presence of the railroad stations constituted a material advantage to the premises in question by increasing their availability and the variety of uses to which they might profitably be put.

The court refused to pass upon these requests, characterizing them as immaterial.

*Held*, that, in refusing to pass upon the findings requested, the court excluded from consideration facts which should have influenced its judgment, and that for such error the judgment in favor of the plaintiff would be reversed.

APPEAL by the defendants, The Manhattan Railway Company and The New York Elevated Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of September, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

The premises in question were known as No. 920 Third avenue, situated between Fifty-fifth and Fifty-sixth streets, near which, at Fifty-third street and Third avenue and at Fifty-ninth street and Third avenue, there were elevated railroad stations.

The action was brought to enjoin the alleged unlawful use by the defendants of the plaintiff's easements of light, air and access to the plaintiff's premises and to recover for past damages resulting from such use.

*R. L. Maynard,* for the appellants.

*E. M. Felt,* for the respondent.

VAN BRUNT, P. J. :

This is one of the class of actions with which the court has become somewhat familiar, brought to recover for the taking of certain easements by the elevated railroads.

It is not necessary to discuss the particular facts of this case. But it would appear that the learned court erred in refusing to pass upon certain findings which were requested by the defendants.

The premises in question were partially occupied for business purposes ; and the court was asked to find that the special benefits accruing to the business portions of said premises from the said railroad stations are greater than and more than offset the disadvantages accruing from the presence and operation of defendants' railroad in front of the said premises. This request was refused as immaterial.

The court was also asked to find that the fee value of the premises in suit, exclusive of the building, has steadily increased since the construction of the defendants' road, and the same is now more valuable than at any time prior to the construction of said road. This also was refused as immaterial.

The court was further requested to find as follows : " Since the building and use of defendants' railroad and stations aforesaid in Third Avenue, the premises in suit and property in the neighborhood of the same have come into greater demand for business uses, and such demand has greatly increased the fee value of Third Avenue property in the locality, including the land described in the complaint.

" The presence of the said station constitutes a material element of advantage and benefit to the premises in suit, and increases the availability thereof, and the variety of uses to which the same may be profitably put." These requests were also refused as immaterial.

This, we think, was error. The court made elaborate findings upon the questions which were presented; and in refusing to pass upon the findings requested, upon the ground of immateriality, it seems to have excluded from consideration facts which were calculated to and should have influenced its judgment ; and when they were declared to be immaterial, it is impossible to say that due consideration was given to circumstances surrounding these premises which the court was bound to consider in coming to a conclusion.

We think, therefore, that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellants to abide the event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, with costs to appellants to abide event.